OPINION
Respondent, Judy Carr, at all relevant times herein, was the duly elected and authorized Mayor of Respondent City of Alliance, Ohio. Mayor Carr, by virtue of her official position as Mayor of the City of Alliance, was a member of the Board of Trustees ("Board") of the Alliance Citizens Health Association ("Association"). The Code of Regulations provided, in pertinent part:
 ARTICLE II BOARD OF TRUSTEES
Section 2.1 — The Board of Trustees shall consist of thirteen (13) members of the corporation. Twelve (12) members of the Board of Trustees shall be elected by the members from the corporation at large, four (4) of whom shall be elected each year. Of the four (4) Trustees elected each year, three (3) shall be from those nominated by the Association of Nominating Committee and one (1) shall be from the person(s) nominated by the Board Nominating Committee. The remaining one (1) Trustee shall be the Mayor of the City of Alliance or his designee, who will have a vote and be counted for quorum. (Emphasis added).
As a member of the Board, Mayor Carr received copies of the Association's minutes prior to each board meeting. On March 10, 1999, Relators Mary Beth Hunter and Aleida Zellweger, residents of the City of Alliance, requested Mayor Carr permit them to inspect, pursuant to R.C. Section 149.43, "all records and documents belonging to, in the possession, custody or control of, or available to you in the City of Alliance concerning Alliance Community Hospital and the decision of the Hospital Board to use eminent domain in acquiring property." Relators specifically sought to inspect:
 (1) Minutes of all Meetings of the Alliance Community Hospital Board of Trustees including all information, documents and reports submitted to the Board members.
 (2) All correspondence directed to you or any other official of the City of Alliance from Alliance Community Hospital or any related body.
On March 29, 1999, having received no response from Mayor Carr, relators again requested access to and inspection of records described above. On March 29, 1999, Mayor Carr responded to relators as follows: As a member of the Board of Directors of the Citizens Health Association, I do not believe it is my responsibility to maintain the `official records' of the organization, be they public or private. It is my understanding that the Hospital is a not-for-profit, private corporation and would be required to maintain a record of their proceedings, as do other private corporations.
In addition, I do not believe individual members of Alliance City Council are required to keep minutes of council meetings, copies of ordinances or any other documents since the Clerk of Council is required to prepare and maintain such records.
The official records of the Hospital are deposited at their facility and if such are required (sic) that is the appropriate place to request them.
Mayor Carr admitted that she regularly received copies of the Association's Board minutes at her office as mayor. She also indicated that the minutes were addressed to her in her official capacity as mayor. However, Mayor Carr testified that after she would receive the minutes at her office, "I took them home and then destroyed them." When questioned further on the issue, Mayor Carr indicated that she took the records home and "shredded them". Mayor Carr also testified that she "did not know" why she would take them home and destroy them. Mayor Carr testified that in order to comply with Alliance City Ordinance Chapter 115 entitled "Public Records", it was her understanding, as Mayor of the City of Alliance, she was to keep everything that came into her office until the City Records Retention Board authorized their disposal. Mayor Carr testified that the Association's minutes documented her participation, as mayor, and documented any discussions and actions taken as a member of the Board. The minutes would also document the organization, functions, policies, decisions and procedures and operations of the Board. The issue before this Court is whether the minutes that were delivered to Mayor Carr, in her official capacity as Mayor of the City of Alliance, were public records and subject to disclosure pursuant to R.C. Section149.43. For the reasons that follow, we find that said records are public and were subject to disclosure. R.C. Section 149.43(B) requires a governmental unit to promptly prepare and allow inspection of all public records and to provide copies of those records within a reasonable time. With a few specific exceptions, R.C. Section 149.43(A)(1) defines a "public record" as any record kept by a public office. R.C. Section 149.01.1(G) defines "records" of a public office to include: (A) Any document, device, or item, regardless of physical form or characteristic, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office. (Emphasis added.)
There can be little doubt, from the evidence produced in this matter, the mayor, acting in her official capacity, received minutes under the jurisdiction of her public office as mayor and those minutes documented the mayor's decisions and other activities as a member of the Board. The fact that the Association was a private entity does not affect our decision. As explained in State ex rel. Mazzaro v. Ferguson (1990), 49 Ohio St.3d 37, the Ohio Supreme Court stated: "the disjunctive view in R.C. 149.43(C) manifests an intent to afford access to public records, even when a private entity is responsible for the records." We hold, when the mayor received the minutes at issue she was required to maintain them and make them available to the public as required by R.C. Section 149.43. Her failure to maintain those records and her act of removing them from her public office and destroying them in her private home is a violation of the Public Records Laws. Accordingly, we hereby grant Relators' Motion for Summary Judgment and find that the minutes of the Board of Trustees of Alliance Community Hospital are "public records" pursuant to R.C. Section149.43. However, we must deny Relators' request that respondents "produce" the records. As Mayor Carr has testified, those records were destroyed by her. Respondents' motion for summary judgment is denied. This Court sua sponte dismisses count two of Relators' complaint for want of jurisdiction. See. R.C. Section 149.35.1(B). There being no other relief requested in the motions pending in this Court, we hereby enter final judgment in favor of Relators. This Court does retain jurisdiction over Relators' request for attorney fees. IT IS SO ORDERED.
FARMER, P.J., concurs. HOFFMAN, J., concurs in part and dissents in part.